## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**GLYNN ROGER TAYLOR,**

        **Plaintiff**,

     v.

**ROBERT MILNER, in his official capacity as**
**SHERIFF OF BRADFORD COUNTY, DEPUTY**
**SHERIFF JOHN DOE NO.1, and DEPUTY**
**SHERIFF JOHN DOE NO.2.**


        **Defendants**.                CASE NO.  3:04-cv-614-J-16MCR
_____/

### ORDER

Before the Court is Defendant Robert Milner's, in his official capacity as Sheriff of Bradford County, Florida, Motion for Partial Summary Judgment (Dkt. 20). Defendant Milner attached as exhibits a copy of the Amended Complaint (Dkt. 9) and the deposition of Plaintiff.[1] Plaintiff failed to file a timely response to Defendant Milner's Motion for Partial Summary Judgment (Dkt. 20), although Plaintiff did file a Motion to Dismiss Counts A, B and D of the Complaint (Dkt. 24). The Court held a hearing on Defendant Milner's Motion for Partial Summary Judgment (Dkt. 20) on June 29, 2005. During the hearing, Plaintiff acknowledged to the Court that he had not responded to the Motion for Partial Summary Judgment and agreed that it should be considered by the Court as being

---

[1] The Motion for Partial Summary Judgment (Dkt. 20) included Defendant M.L. McKenzie who has since been dismissed as a party Defendant from this case (Dkt. 23).

unopposed.

## I.     Procedural Background

Plaintiff filed his four-count Amended Complaint (Dkt. 9) on October 29, 2004. In the Amended Complaint (Dkt. 9), Plaintiff alleges that after he was taken into custody by deputy sheriffs of the Bradford County Sheriff's Office for suspicion of driving under the influence ("DUI"), he received personal injuries permanently crippling and disabling him for life. Specifically, Plaintiff alleges that deputy sheriffs, acting as agents of Defendant Milner in his official capacity as Sheriff, committed battery by actually and intentionally striking Plaintiff (Count A); that the deputy sheriffs, as agents of Defendant Milner in his official capacity as Sheriff, assaulted Plaintiff (Count B); that the deputy sheriffs were negligent and failed to use ordinary and reasonable care in their handling of the Plaintiff while he was in custody (Count C); and that such actions violate Plaintiff's civil rights under 42 U.S.C. § 1983 (Count D). Plaintiff is seeking general, special and punitive damages (Dkt. 9).

## II.    Background

On July 27, 2002 Plaintiff and several members of his family went swimming at a lake and had a cookout. Plaintiff brought a 12-pack of beer and an in-law, Mr. Setty, purchased either a 12-pack or case of beer and brought it to the cookout. Only Plaintiff and Mr. Setty consumed alcoholic beverages at the cookout, which lasted from approximately 12:00 PM to 4:00 PM (Dkt. 20, Exhibit 2, p.18). At the conclusion of the cookout, all of the beer had been consumed. Id. at 19. Plaintiff's wife, mother-in-law and daughter all

returned to the mother-in-law's home, while Plaintiff drove his ten-year old son and Mr. Setty to Mr. Setty's apartment. While at Mr. Setty's apartment, Plaintiff and Mr. Setty made approximately a six to ten ounce drink containing bourbon or whiskey. Id. at 20-22. Plaintiff then proceeded to drive his son and Mr. Setty back to his mother-in-law's home for the night. While en route, Plaintiff came upon a roadblock and was motioned by a deputy to pull the car over. Id. at 22. The deputy asked Plaintiff to step out of the car and inquired if he had been drinking, to which Plaintiff responded "yes, sir." Id. Plaintiff was given some roadside tests and an attempt was made for Plaintiff to blow into a roadside breathalyzer. The results were inconclusive, so Plaintiff was arrested and handcuffed on suspicion of DUI and transported to the police station for further testing.

Upon arrival at the station, Plaintiff walked from the car into a room and took a seat in a chair. Plaintiff alleges that two deputies entered the room and Plaintiff rose from his seat. One deputy allegedly walked toward Plaintiff and asked if he would submit to blood alcohol testing and the other deputy allegedly moved out of Plaintiff's field of vision. Id. at 39. Plaintiff refused to submit to the testing and does not recall any subsequent events. Plaintiff's next memory is waking up in a hospital two to three days later with injuries generally located around his left forehead and temple. Id. at 41-42.

Defendant Milner now moves for partial summary judgment (Dkt. 20) as to the claims deputies, acting as agents of Defendant Milner in his official capacity as Sheriff, battered (Count A) and assaulted (Count B) Plaintiff, as well as to the claim of a violation of 42 U.S.C. § 1983 (Count D). Defendant Milner contends no type of battery was

3

committed on Plaintiff and that no action was taken that violated Plaintiff's constitutional rights. Defendant Milner asserts that he had no personal involvement in the alleged incident and that no custom, policy or practice exists that resulted in the alleged deprivation of Plaintiff's constitutional rights. Defendant Milner therefore contends summary judgment for Counts A, B, and D is appropriate and should be granted.

## III.   Standard of Review

The Court should grant a motion for summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact [such] that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987); Edwards v. Acadia Realty Trust, Inc., 141 F. Supp. 2d 1340, 1344-45 (M.D. Fla. 2001).  The Court will construe the record and all inferences that can be drawn from it in the light most favorable to the nonmoving party, and the moving party bears the initial burden of establishing the absence of a genuine material fact.  See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Samples on Behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).  Once this burden is met, however, the opposing party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'"  Celotex Corp., 477 U.S. at 342.  The Eleventh Circuit explained in Samples that the opposing party need only present evidence from which a jury might return a verdict in its favor in order to survive

4

the moving party's motion for summary judgment.  See Samples, 846 F.2d at 1330; see also Augusta Iron & Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).

Notably, the Supreme Court pointed out in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), that the moving party's burden only extends to facts that might affect the outcome of the lawsuit under the governing law, as "[f]actual disputes that are irrelevant or unnecessary will not be counted."  Summary judgment will only be granted if all facts and inferences point overwhelmingly in favor of the moving party, such that a responsible jury could not find in favor of the opposing party.  See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).  If there is conflicting evidence that will permit differing reasonable inferences, the case will be submitted to the jury.  See Augusta Iron & Steel, 835 F.2d at 856.

## IV.   Discussion

The Amended Complaint (Dkt. 9) states that deputy sheriffs, acting as agents of Defendant Milner in his official capacity as Sheriff of Bradford County, committed a battery (Count A) by actually and intentionally striking Plaintiff, and committed assault (Count B) by creating the fear that violence was imminent. Defendant's Motion for Partial Summary Judgment (Dkt. 20) was drafted prior to having deputy sheriff M.L. McKenzie dismissed as a Defendant, and therefore focused on whether excessive force was used during the arrest. However, Defendant's Motion for Partial Summary Judgment (Dkt. 20) goes on to argue there is no evidence or testimony of an unlawful, offensive touching that would constitute

5

assault or battery and that summary judgment for Counts A and B is therefore appropriate.

After thoroughly reviewing the record, this Court agrees with Defendant Milner. There is no evidence to support that deputy sheriffs, acting as agents of Defendant Milner in his official capacity, battered or assaulted Plaintiff. Instead, the Court finds Plaintiff's deposition replete with statements that the deputies were polite, calm, cordial and non-aggressive. (Dkt. 20, Exhibit 2 at 26-28, 31-32, 34-35, 38, 43-46). Plaintiff states the arresting deputy did not use physical force or violence and that the officer who transported him to the station did not act in a threatening or aggressive manner. Id. at 26-27 and 34-35. In fact, the only evidence the Court can discern from the record is that Plaintiff believes one of the two deputies who approached Plaintiff at the station assaulted and battered him from behind (Dkt. 20, Exhibit 2 at 43).[2] Plaintiff recalls  the other deputy discussing a blood alcohol test, but has no further recollection of what occurred. Plaintiff cannot identify any specific actions and his next cognizant memory is being in a hospital two to three days later.

In all, because Plaintiff has failed to provide any evidence of an imminent threat of contact, or of actual unlawful contact, the Court finds Defendant Milner cannot be held to be vicariously liable for the alleged assault and battery. See Restatement (Second) of Torts

---

[2] Plaintiff's deposition describes the alleged incident as follows:

> The two of them [the deputies] walked toward me, the one on the left come [sic] walking toward me. I stood up. The one on the right went out of my line of vision. The one in front of me stopped and said, Mr. Taylor, will you submit to blood alcohol testing? I said, no, sir, I believe that's an invasion of my privacy. And that's the last thing I remember. That's it.

(Dkt. 20, Exhibit 2, p. 39).

§ 18 (2005) (providing elements of battery) and § 21 (providing elements of assault). Plaintiff's failure to respond to Defendant's Motion for Partial Summary Judgment (Dkt. 20) and to further bolster his claims is both problematic and inexplicable. The Court therefore finds Defendant Milner is entitled to summary judgment as to Counts A and B.

Plaintiff also contends a violation of his civil rights under 42 U.S.C. § 1983 and that such a violation occurred as a result of the policy and practice of the Department of Defendant Milner (Count D). Defendant Milner argues Plaintiff failed to identify a specific policy or practice which the deputies are alleged to have engaged in and that no evidence exists of any constitutional harm befalling Plaintiff. This Court agrees with Defendant Milner. This Court also finds the Eleventh Circuit case of Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999) instructive. In Wayne, the Eleventh Circuit noted that a claim against the Sheriff in his official capacity is equivalent to a claim against the county. Id. (citing Pompey v. Broward County, 95 F.3d 1543, 1545-46 n.2 (11th Cir. 1996)). The Eleventh Circuit in Wayne continued that "'[a] plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.'" Id. (quoting Board of County Commissioners v. Brown, 520 U.S. 397, 403 (1997)).[3]

In this case, the Court finds Plaintiff has failed to identify, beyond a blanket

---

[3] The Eleventh Circuit also stated that "'[t]o establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice. Moreover, actual or constructive knowledge of such customs must be attributed to the governing body of the municipality.'" Wayne, 197 F.3d at 1105 (internal citations omitted).

allegation, which policy or practice caused Plaintiff's alleged injuries to occur. Plaintiff has also failed to demonstrate any violation or deprivation of his civil rights. Plaintiff's blanket allegation of a policy and practice of Defendant Milner's Department, without further specification, elaboration or substantive support, is insufficient to survive a motion for summary judgment. The Court therefore finds summary judgment for Defendant Milner is appropriate with regard to Count D.

Lastly, Plaintiff has made a request for punitive damages. Defendant Milner properly argues that punitive damages cannot be assessed against him in his official capacity. See Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995)("[w]e hold that Newport's reasoning applies equally to a Sheriff's Department, thus barring a punitive damage award against Sheriff McDougall in his official capacity"). Punitive damages are thus not available against Defendant Milner in his official capacity.

Accordingly, upon due consideration, it is hereby **ORDERED AND ADJUDGED**:

1.    Defendant Milner's Motion for Partial Summary Judgment (Dkt. 20) is **GRANTED** as to Count A, Count B and Count D.

2.    Plaintiff's Motion to Dismiss (Dkt. 24) is **DENIED as MOOT**.

BY ORDER OF THE COURT, at Jacksonville, Florida, this _30___ day of June, 2005.

Copies to:

Counsel of Record

JOHN H. MOORE II
United States District Judge